UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN WISE a/k/a/ SUSAN WEISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1622 AGF |
| ) | |
| WHEATON VAN LINES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removal matter is before the Court on Plaintiff's motion to remand the action to state court, and on the motion of Defendant Wheaton Van Lines, Inc., to dismiss Plaintiff's complaint for failure to state a claim. For the reasons set forth below, the Court will deny the motion to remand and will grant Defendant's motion to dismiss.

## BACKGROUND

Plaintiff filed this action in state court for breach of contract. She alleged that she had contracted with Defendant, a nationwide carrier for hire specializing in the transport and moving of household goods, to transport her household effects from Florida to Missouri, and that Defendant delivered her personal property in a lost, broken, or destroyed condition. She sought damages of less than $25,000. Defendant removed the action to this Court asserting federal question jurisdiction on the ground that Plaintiff's claim is completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which provides the exclusive remedy for shippers or owners of goods lost or damaged in interstate commerce against motor carriers.

Defendant then filed the present motion to dismiss Plaintiff's complaint, which only states a state law breach of contract claim. Plaintiff argues that her claim is not preempted and that this action should be remanded to state court (with Defendant ordered to pay Plaintiff the costs incurred in opposing Defendant's motion to dismiss, and moving to remand the case).

**DISCUSSION**

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

An exception to the well-pleaded complaint rule exists, however, under the "complete preemption" doctrine. Under this doctrine, there are times when a federal statute so completely preempts a particular area of law "'that any civil complaint raising this select group of claims is necessarily federal.'" M. Nahas & Co. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 612 (8th Cir. 1991) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (19870). Here, Plaintiff's only claim against Defendant is for failure to properly perform under the contract of carriage, a claim that clearly is completely preempted by the Carmack Amendment. See Fulton v. Chicago, Rock Island & Pac. R.R. Co., 481 F.2d 326, 331 (8th Cir. 1973) ("The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment

governs.") (citation omitted); Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687-88 (9th Cir. 2007) (explaining that the Carmack Amendment provides the exclusive cause of action for interstate shipping contract claims, and completely preempts state law claims alleging delay, loss, failure to deliver, and damage to property).

Thus, removal of this action was proper and Plaintiff's complaint, which only sets forth a state breach of contract claim, is subject to dismissal. Though given notice of Defendant's motion, Plaintiff did not request, in the alternative, leave to amend. As such, Plaintiff's complaint shall be dismissed, but without prejudice.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand and for sanctions is **DENIED**. [Doc. #8 ]

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss is **GRANTED** and this action is **DISMISSED** without prejudice. [Doc. #5]

A separate Judgment of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2009.